IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ASPHALT TRADER LIMITED,<br><br>Plaintiff<br><br>vs.<br><br>ROBERT SCOTT BEALL and TARYN CAPITAL ENERGY, L.L.C.,<br><br>Defendants | **MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANT BEALL'S OBJECTION TO EVIDENCE SUBMITTED BY PLAINTIFF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 1:17-cv-00015-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Pursuant to Fed. R. Civ. P. 56 and DUCivR 7-1(b)(1)(B), Defendant Robert Scott Beall ("Beall") objected to the following evidence submitted by Plaintiff Asphalt Trader Limited ("Asphalt") in support of its motion for summary judgment:

(1) Asphalt's "Fraudulent Transfer Reference Sheet," attached as part of Exhibit E in Asphalt's Appendix in support of its motion for summary judgment.

(2) Asphalt's "Points of Claim," attached as Exhibit 2 to the Declaration of Elias Gotsis and included as Exhibit A-2 in Asphalt's Appendix in support of its motion for summary judgment.

(3) Asphalt's "Reasons for and Forming Part of Final Award," attached as Exhibit 3 to the Declaration of Elias Gotsis and included as Exhibit A-3 in Asphalt's Appendix in support of its motion for summary judgment.

For the reasons detailed herein, the Court overrules Defendant Beall's objections.

## The Fraudulent Transfer Summary Sheet

Under Federal Rule of Evidence 1006,

> [a] proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

"[T]he admission of summaries under Rule 1006 is within the sound discretion of the trial court." *U.S. v. Thompson*, 518 F.3d 832, 858 (10th Cir. 2008) (citation omitted). Plaintiff's "Fraudulent Transfer Reference Sheet" (hereinafter "summary sheet") is admissible under this rule.

In *United States v. Thompson*, a fraud case, the Tenth Circuit held that the district court did not err in admitting summary charts because "[t]he government's evidence was incredibly voluminous, and it would have been incomprehensible to the jury without summarization." 518 F.3d 832, 859 (10th Cir. 2008). Each item "listed on the summaries was supported by at least one piece of evidence, such as a check, deposit slip, bank record, or wire transfer receipt . . . cross-referencing to each specific exhibit number." *Id.* In *United States v. Schuler*, the Tenth Circuit again found the use of summary exhibits proper given the voluminous nature of the financial records, the availability of the summaries to both parties, and the fact that the underlying records were admissible and admitted into evidence. 458 F.3d 1148, 1154 (10th Cir. 2006).[1]

---

[1] *See also Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 523, 536 (E.D.N.Y. 2012) (admitting under Rule 1006 bank records charts that were "summaries of contents of voluminous data" and would "streamline the presentation of []data to the jury, saving the jury time and avoiding unnecessary confusion"; "[b]ecause the underlying data to [the] summary charts was produced and is available . . . no prejudice is suffered"); *U.S. v. Wainright*, 351 F.3d 816, 821 (8th Cir. 2003) (admitting bank record summaries under Rule 1006 given "the underlying evidence [was] available to both parties"); *Murphy v. City of Tulsa*, 2018 WL 340043 at *3 (N.D. Okla. 2018) ("Rule 1006 is often utilized for the purposes of trial in order to summarize voluminous documents for the convenience of the jury.").

Here, Plaintiff's summary sheet condenses admissible bank records produced by Defendants in discovery and submitted with Plaintiff's motion for summary judgment. As in *Thompson*, the Court finds the Plaintiff's evidence would be "incredibly voluminous" and largely "incomprehensible" in its absence. Plaintiff's submission summarizes approximately one thousand transactions spanning multiple bank accounts. These submissions are evidenced by approximately three hundred and seventeen pages of Defendant Taryn's financial records. The summary sheet contains a "Bates Reference" column directing the Court to the corresponding bank statement page for each of the allegedly fraudulent transfers that it lists. *See Thompson*, 518 F.3d at 859. In addition, the financial records were produced by Defendants during discovery and authenticated by Defendant Beall at his deposition. *See, e.g.*, Dkt. No. 77-4 at 67:18–68:2; 132:17–23; *see also Schuler*, 458 F.3d at 1154.

To the extent Defendant Beall objects to the admission of the "Fraudulent Transfer Reference Sheet" on the grounds that Plaintiff must produce evidence sufficient to support a finding that the item is what the proponent claims it is, the court notes that the summary sheet merely summarizes facts allegedly contained in bank records and other financial documents that are evidence in this case. The summary sheet is not itself evidence or proof of any fact. Such charts or summaries are used only as a matter of convenience and to the extent that they are not, in truth, accurate summaries of facts or figures shown by the evidence, they will be disregarded. *Thompson*, 518 F.3d at 859.

Due to the large number of allegedly fraudulent transfers, the voluminous documentation of these transfers, and the likely difficulty of analyzing this documentation absent the summary sheet, the Court finds interests of judicial economy justify considering the summary sheet under Rule 1006.

## The Points of Claim and Reasons for and Forming Part of Final Award

Under Federal Rule of Evidence 201, courts may take judicial notice of adjudicative facts that are not in reasonable dispute. *See United States v. A & R Productions*, 2014 WL 12787914 (D. N.M. 2014). Here the arbitration proceedings, filings, and award are all matters of public record. *Cf. Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (explaining that judicially noticed facts typically consist of matters of public record). Indeed, the arbitration award has been confirmed by this court. Memorandum Decision, Dkt. No. 16, *Asphalt Trader Ltd. v. Taryn Capital Energy*, No. 1:16-cv-54 (D. Utah 2016). And arbitration proceedings are plainly a proper subject of judicial notice. *See, e.g., Stacks v. Southwestern Bell Yellow Pages, Inc.*, 27 F.3d 1316, 1326 n.3 (8th Cir. 1994); *Yerkovich v. MCA Inc.*, 11 F. Supp. 2d. 1167, 1169 n.2 (C.D. Cal. 1997). As the Seventh Circuit has explained, "decisions of [] arbitrators" are the "'arbitral equivalents' of judicial decisions, of which, of course, a court can take judicial notice." *Consolidation Coal Co. v. United Mine Workers of America*, 213 F.3d 404, 407 (7th Cir. 2000).

Although the court will take judicial notice of the arbitration proceedings and award, it does not follow that the arbitration findings—let alone allegations made by Plaintiff in the arbitration proceedings—are conclusive or binding in this litigation. When a court takes judicial notice of the proceedings of another tribunal, it generally takes notice of the fact that they happened—not the truth of any conclusions drawn by the other tribunal. *See, e.g., Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992). And while Plaintiff was a party to the arbitration proceedings between Plaintiff and Defendant Taryn, Defendant Beall was not. *See* Compl. ¶ 9. And regardless of whether Beall could properly be viewed as in privity with Taryn, Utah courts have generally declined to grant preclusive effect to arbitration decisions. *See Buckner v.*

*Kennard*, 99 P.3d 842, 850 (Utah 2004); *see also Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508–09 (2001) (concluding that federal courts sitting in diversity cases should apply the claim preclusion rules of the State in which the federal court sits); *Matsanto Commercial Corp. v. Applebee's Inter., Inc.*, 245 F.3d 1203, 1208 (10th Cir. 2001) (extending *Semtek* to issue preclusion).

For the foregoing reasons, the court overrules Defendant Beale's objections. IT IS SO ORDERED.

DATED this 7th day of October, 2019.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge